IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAPITALIZA-T, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE, a Mexican corporation, | :<br>:<br>:<br>:<br>: |
| Plaintiff, | :<br>: |
| v. | : Civil Action No. 10-520-RGA |
| WACHOVIA BANK OF DELAWARE, NATIONAL ASSOCIATION, and WACHOVIA BANK, NATIONAL ASSOCIATION, | :<br>:<br>:<br>:<br>: |
| Defendants. | :<br>: |

## MEMORANDUM ORDER

The Court having considered Plaintiff's Motion for Reconsideration (D.I. 62), Defendants' Motion for Reconsideration on Plaintiff's Motion for Leave to File a Second Amended Complaint (D.I. 75), Defendants' Motion to Dismiss Counts I, III, and IV of Plaintiff's Second Amended Complaint (D.I. 78), and Plaintiff's Motion to Strike Defendants' Motion to Dismiss Counts I, III, and IV of Plaintiff's Second Amended Complaint (D.I. 86), as well as the papers filed in connection therewith and oral argument;

**IT IS HEREBY ORDERED**, for the reasons discussed below, that:

1. Plaintiff's Motion for Reconsideration is **DENIED**. Plaintiff's Motion for Reconsideration does not meet the standard for a motion for reconsideration because the issues raised were addressed in prior briefing and considered by the Court in its December 21, 2011

opinion.[1] *See Kelly v. MBNA Am. Bank*, 2007 WL 4233671, at *2 (D. Del. Nov. 29, 2007) ("A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made"); *see also Accenture Global Servs., GMBH v. Guidewire Software, Inc.*, 800 F. Supp. 2d 613, 622 (D. Del. 2011) (A motion for reconsideration "'should not be used to rehash arguments already briefed.'") (quoting *Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999)).

2. Defendants' Motion for Reconsideration on Plaintiff's Motion for Leave to File a Second Amended Complaint is **GRANTED IN PART** and **DENIED IN PART**.

3. Defendants' Motion for Reconsideration is granted as to Plaintiff's claim for aiding and abetting fraud. Defendants argue that the Court applied the wrong standard for knowledge in the December 21 Opinion. In the December 21 Opinion, the Court found that *Brug v. The Enstar Group, Inc.*, 755 F. Supp. 1247 (D. Del. 1991) stands for the proposition that "actual knowledge can be inferred" where a plaintiff pleads: (1) atypical financing transactions; (2) that the defendant "should have known of the alleged fraud"; and (3) "factual allegations support a finding of substantial assistance." *Capitaliza-T Sociedad De Responsabilidad Limitada De Capital Variable v. Wachovia Bank of Delaware*, 2011 WL 6650329, at *6 (D. Del. Dec. 21, 2011) (citing *Brug*, 755 F. Supp. at 1256). This statement in *Brug*, however, is an imprecise reading of *In re Gas Reclamation, Inc. Sec. Litig.*, 659 F. Supp. 493 (S.D.N.Y. 1987). The court in *Gas Reclamation* did not hold that an allegation of "should have known" was sufficient. *Id.* at 503. Rather, the court stated that actual knowledge could be inferred "from the

---

[1] The opinion was signed and dated by Judge Simandle on December 20, 2011, but was not filed on the docket until December 21, 2011. For the sake of clarity, I will refer to the opinion as the December 21 Opinion.

2

allegations of substantial assistance . . . considered in combination" with other allegations, including atypical financing transactions. *Id.* at 503-04. Other courts have also been clear that the standard for aiding and abetting liability is actual knowledge. *See, e.g. Rosner v. Bank of China*, 2008 WL 5416380, at *4-6 (S.D.N.Y. Dec. 18, 2008) ("Actual, not constructive, knowledge is required to impose liability on an alleged aider and abettor."), *aff'd*, 349 F. App'x 637 (2d Cir. 2009); *see also In re Agape Litig.*, 773 F. Supp. 2d 298, 325-26 (E.D.N.Y. 2011). Thus, I find that actual knowledge is the standard for imposing liability for aiding and abetting.

4. In the December 21 Opinion, the Court found that Plaintiff's factual allegations supported a claim that "the Defendant[s] should have known about the fraud committed by Majapara, the Defendants substantially assisted Majapara in committing the fraud on the Plaintiff, and atypical financing transactions were involved" and that actual knowledge could be inferred from these allegations. *Capitaliza-T*, 2011 WL 6650329, at *7. I disagree. The "atypical financing transactions" alleged here are not sufficient to plead "actual knowledge." Plaintiffs allege a deposit of $2.5 million made by Majapara by the transfer from an account in its name at Bancomer to the account in its name at Wachovia Bank of Delaware. Plaintiff also alleges that it was clear that the deposit was unrelated to Majapara's regular currency exchange operations. The allegation is that this happened once. These allegations do not describe a transaction that is so atypical, non-routine or suspicious that a court could infer that the defendant bank must have had knowledge of the underlying scheme. *See Gas Reclamation*, 659 F. Supp. at 504; *see also Rosner*, 349 F. App'x at 639; *Agape*, 773 F. Supp. 2d at 309-11. Accordingly, the Court will reverse the decision in its December 21 Opinion and deny Plaintiff's Motion for Leave to File a Second Amended Complaint with regard to the claim for aiding and abetting fraud.

5. Defendants' Motion for Reconsideration is denied as to Plaintiff's claims for breach of contract and unjust enrichment. Defendants argue that Plaintiff should be judicially estopped from alleging these claims. The elements of judicial estoppel are: (1) the party to be estopped is taking two irreconcilably inconsistent positions; (2) the party to be estopped has changed his or her position in bad faith; and (3) the use of judicial estoppel is tailored to address the harm identified and no lesser sanction would adequately remedy the damage done. *See Montrose Med. Group Participating Savings Plan v. Bulger*, 243 F.3d 773, 777-78 (3d Cir. 2001). As this Court noted in its December 21 Opinion, "judicial estoppel is an extreme remedy, to be used only 'when [a party's] inconsistent positions are "tantamount to a knowing misrepresentation to or even fraud on the court."'" *Chao v. Roy's Constr. Inc.*, 517 F.3d 180, 186 n.5 (3d Cir. 2008) (quoting *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.*, 337 F.3d 314, 319-20 (3d Cir. 2003)). There is no evidence that Plaintiff has acted in bad faith. Furthermore, as the Court noted in its December 21 Opinion, the lesser remedy of staying these claims pending the outcome of the Mexican Bankruptcy Proceeding is appropriate and will prevent the Plaintiff from receiving a double recovery. Thus, at least two of the three elements of judicial estoppel are not met. Accordingly, consistent with the December 21 Opinion, Plaintiff will be permitted to file a second amended complaint alleging a claim for breach of contract and, in the alternative, a claim for unjust enrichment. These claims will be stayed pending resolution of the Mexican Bankruptcy Proceeding pursuant to 11 U.S.C. § 1521(a)(1).

6. Defendants' Motion to Dismiss Counts I, III, and IV of Plaintiff's Second Amended Complaint is **DENIED** for the reasons set forth in paragraphs 4 and 5 in connection with the Motion for Reconsideration.

7. Plaintiff's Motion to Strike Defendants' Motion to Dismiss Counts I, III, and IV of Plaintiff's Second Amended Complaint is **DENIED AS MOOT**.

Entered this 2nd day of August, 2012.

_____
Hon. Richard G. Andrews
United States District Judge